Filed 11/6/25  Haacke v. Shea CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RODNEY HAACKE, | |
| Plaintiff and Appellant, | E083817 |
| v. | (Super.Ct.Nos. MCC2000862 MF, CVSW2105186) |
| ROBIN SHEA, as Trustee, etc., | |
| Defendant and Respondent. | OPINION |

APPEAL from the Superior Court of Riverside County.  Randall Donald White[*] and Eric A. Keen, Judges.  Affirmed.

Law Offices of Nada Dhahbi and Nada Dhahbi for Plaintiff and Appellant.[†]

No appearance by Defendant and Respondent.

---

[*]  Retired Judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[†]  Nada Dhahbi of the Law Office of Nada Dhahbi prepared appellant's opening brief; however, her unopposed request to withdraw as counsel of record was granted on July 29, 2025.

Plaintiff and appellant Rodney Haacke (Haacke) and his sister, Desrie Pfister (Pfister), are beneficiaries of the Haacke Family Trust. In 2017, the siblings relinquished their position as co-trustees, and defendant and respondent Robin J. Shea, a professional fiduciary, was appointed as a neutral successor trustee. In 2018, Haacke petitioned to remove Shea, and the parties executed a stipulation resolving his dispute regarding management of the trust. He initiated this action to rescind the stipulation. Subsequently, the trial court declared him a vexatious litigant, and after Shea successfully moved to compel discovery and impose monetary sanctions, she obtained judgment on the pleadings. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS[1]

*A. Background information.*

On August 23, 1994, Karl M. and Veva V. Haacke created the Haacke Family Trust (Trust); Veva was trustee after Karl's death. In 2012, Veva was diagnosed with dementia, and Haacke and Pfister succeeded as co-trustees. (*Haacke v. Pfister*, *supra*, E081792.) Throughout the administration of the Trust, Haacke initiated many actions.

---

[1] To provide a coherent summary of the facts we take judicial notice of the records and our prior unpublished opinions in *Shea v. Haacke* (Sept. 2, 2022, E077051); *Haacke v. Victor J. Herrera et al*. (Nov. 7, 2024, E080450); *Haacke et al. v. Victor J. Herrera et al*. (Apr. 10, 2025, E080929); and *Haacke v. Pfister* (July 11, 2025, E081792). (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).) "It is well accepted that when courts take judicial notice of the existence of court documents, the legal effect of the results reached in orders and judgments may be established." (*Linda Vista Village San Diego Homeowners Assn*., *Inc*. *v. Tecolote Investors*, *LLC* (2015) 234 Cal.App.4th 166, 185.)

We refer to some of the parties by their first names to avoid confusion. We mean no disrespect in doing so. (*Estate of O'Connor* (2018) 26 Cal.App.5th 871, 875, fn. 2.)

He petitioned, *inter alia*, to remove Pfister as co-trustee and appoint a successor trustee (Riverside Super. Ct. case No. MCP1700472).  In 2017, a conservatorship of the person and estate of Veva was initiated (Riverside Super. Ct. case No. MCP1700476).  Subsequently, co-trustees Haacke and Pfister voluntarily resigned and stipulated to the appointment of a neutral third party trustee; on October 31, 2017, the probate court appointed Shea as successor trustee, and on December 14, she was appointed temporary conservator of the person and estate of Veva.

Veva died on January 16, 2018, and in March, Haacke petitioned, *inter alia*, to remove Shea as temporary conservator (Riverside Super. Ct. case No. MCP1700476).  On May 8, he stipulated to a resolution of his dispute regarding Shea's management of the Trust (2018 Stipulation).  The 2018 Stipulation specifically provides:  (1) Shea will liquidate the real property assets held by the Trust and distribute the assets equally between the beneficiaries, partially distributing to the siblings $10,000 by May 11, 2018; (2) both Haacke and Pfister shall accept and approve all prior co-trustee actions and expenses from their acceptance to act as co-trustees in 2012 to the appointment of Shea; (3) Shea will prepare an accounting and request for approval of the agreed distribution of Trust assets; and (4) Haacke will dismiss his petition to remove Shea as sole trustee of the Trust without prejudice.  (*Haacke v. Pfister*, *supra*, E081792.)

3

On June 11, 2020, Haacke initiated an action against Banner Bank, Rebecca Bocanegra, and Monique Lambert (collectively Banner Bank et. al.) regarding actions taken on behalf of Trust assets (Riverside Super. Ct. case No. MCC2000862). Three months later, he sued Pfister for financial elder abuse, breach of contract, and fraud (Riverside Super. Ct. case No. MCC2001826), alleging that from 2012-2017 she engaged in numerous acts of mismanagement involving Trust assets. (*Haacke v. Pfister*, *supra*, E081792.) In May 2023, Pfister was granted a judgment of nonsuit, which we affirmed on appeal. (*Haacke v. Pfister*, *supra*, E081792.)

On December 21, 2020, Haacke and his wife (Cha) initiated two lawsuits (Riverside Super. Ct. case Nos. CVSW2000934 & CVSW2000921) against four attorneys for their actions in the official capacity as the attorney for trustee Shea; the lawsuits were dismissed or resulted in defense verdicts affirmed on appeal. On June 17, 2021, Haacke sued Pfister and Shea (Riverside Super. Ct. case No. CVSW2105186) to rescind the 2018 Stipulation on the grounds his consent was obtained by mistake, duress, menace, fraud, and/or undue influence. He acknowledged that he "indirectly sought relief based on rescission in prior actions," but claimed the action sought an "equitable determination by the court that the [2018] Stipulation has been properly rescinded."

This chart summarizes the various actions filed in the Riverside Superior Court involving Haacke or initiated by him; they revolve around similar or related themes in which Haacke accuses others of mismanaging the Trust:

| | File Date | Case Caption | Case No. | Case Status |
|---|---|---|---|---|
| 1. | June 29, 2017 | In re: Haacke Family Trust, est. Aug. 23, 1994 | MCP1700472 | Trust |
| 2. | June 30, 2017 | Conservatorship of the Person/Estate of Veva V. Haacke | MCP1700476 | Conservatorship |
| 3. | June 11, 2020 | Haacke v. Banner Bank *et al*. | MCC2000862 | Consol. w/ CVSW210518 |
| 4. | Sept. 16, 2020 | Haacke v. Pfister | MCC2001826 | Defense Judgment affirmed E081792 |
| 5. | Dec. 21, 2020 | Rodney/Cha Haacke v. Victor Herrera *et al* | CVSW2000934 | Defense Judgment affirmed in case Nos. E080929 and E080450 |
| 6. | Dec. 21, 2020 | Rodney/Cha Haacke v. Victor Herrera *et al* | CVSW2000921 | Dismissed |
| 7. | June 17, 2021 | Haacke v. Pfister and Shea | CVSW2105186 | Consol. w/ MCC2000862 |

*B. Current Controversy.*

On December 28, 2021, this rescission action (Riverside Super. Ct. case No. CVSW2105186) against Shea was consolidated with Haacke's action against Banner Bank *et. al.* (Riverside Super. Ct. case No. MCC2000862); case No. MCC2000862 was deemed the master file.

On January 25, 2022, Shea moved to compel responses to form interrogatories, special interrogatories, and requests for production of documents. She also moved for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, and that monetary sanctions in the amount of $2,428 be

imposed.  On February 9, Shea moved to deem Haacke a vexatious litigant, require him to post an undertaking in his cases, and prohibit him from filing any further litigation without first obtaining a prefiling order.  She argued that in the past seven years he "has filed numerous proceedings in state court that have been decided against him, that he has filed objections to necessary pleadings in the probate proceedings, and that he has filed lawsuits that are still pending, but are demonstrably without legal basis."  She asserted Haacke's actions "are rapidly depleting the Trust of funds, thus depriving the Trust beneficiaries of their distribution and, if this course continues could pose a threat of rendering the trust estate insolvent."

On March 10, 2022, the trial court (Judge Randall Donald White) declared Haacke a vexatious litigant subject to a prefiling order pursuant to Code of Civil Procedure[2] section 391.7; he was not required to post any undertaking.  That same day, the court granted Shea's motions to deem matters admitted and to compel responses to discovery.  Haacke was sanctioned in the total amount of $2,120.  A prefiling order was entered on April 6, 2022 (Judge Craig G. Riemer).  On July 21, 2022, Haacke unsuccessfully moved to set aside the order deeming him to be a vexatious litigant.  He was also unsuccessful in vacating the discovery/monetary sanctions orders.

Pfister was dismissed from this action on May 5, 2022, after the court sustained her demurrer without leave to amend.

---

[2] Undesignated statutory references are to the Code of Civil Procedure

6

Subsequently, Shea moved to compel further responses to both form and special interrogatories, and on October 5, 2022, the court (Judge Eric A. Keen) granted the motions and issued monetary sanctions in the amount of $1,745. When Haacke failed to provide further responses, Shea unsuccessfully moved for terminating sanctions; however, Haacke was ordered to provide responses within 10 days and pay monetary sanctions in the amount of $1,520 (Judge Eric A. Keen).

On October 13, 2023, Shea moved for judgment on the pleadings. Haacke opposed the motion and requested leave to file an amended complaint. He declared that his former counsel informed Shea's counsel of his intent to file an amended complaint, Shea's counsel failed to meet and confer, and the 2018 Stipulation failed because his "consent was given by mistake, obtained through duress, menace, fraud, or undue influence, exercised by or with connivance by . . . Pfister, . . . Shea, [Shea's counsel] et al." The original hearing on the motion was continued to allow the parties to meet and confer.

On January 25, 2024, the court (Judge Eric A. Keen) granted judgment on the pleadings on the grounds the 2018 Stipulation "is not capable of rescission as it became part of the probate court's 9/19/19 order and a final determination of issues between the parties. At the time of the entry of the order incorporating the terms of the stipulation, the stipulation itself no longer had any legal effect." Judgment was entered on March 8, 2024, and notice of entry of judgment was served on March 21.

Haacke appealed on May 6, 2024.

7

## II. DISCUSSION

Haacke contends the trial court erred by declaring him a vexatious litigant, the discovery orders and monetary sanctions must be reversed because the court lacked authority to rule on discovery motions and impose sanctions once Shea's vexatious litigant motion was filed, and the court erred in granting judgment on the pleadings.

### A. *Haacke Designated an Inadequate Record.*

California Rules of Court, rule 8.122(b)(1)(A)-(F), identifies six types of documents that must be included in the clerk's transcript. Otherwise, the parties are tasked with identifying the relevant documents to be included in the transcript. (Cal. Rules of Court, rule 8.122(b)(3).) This appeal is taken from the judgment on the pleadings, the orders granting Shea's discovery motions, and the order imposing monetary sanctions; however, Haacke failed to designate any of Shea's moving papers or evidence, except for her motion to deem Haacke a vexatious litigant, to be included in the clerk's record. "'[Haacke, as the appellant,] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [him].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, fn. omitted.)

### B. *Vexatious Litigant.*

Haacke challenges the trial court's March 10, 2022, order designating him a vexatious litigant. He contends (1) the court lacked authority to rule on any of Shea's motions and impose sanctions after she filed the motion under section 391 to declare him

a vexatious litigant and to require him to furnish security, and (2) the evidence is insufficient to support such designation.  We need not reach the merits of his contentions because he failed to file a timely appeal.

A prefiling order under section 391.7 was immediately appealable, and Haacke waited too long to appeal it.  An order granting an injunction is immediately appealable.  (§ 904.1, subd. (a)(6).)  A prefiling order is an injunction, as it requires a party "to refrain from doing a particular act—filing any new litigation without certain permission." (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.)  As a result, to appeal the prefiling order, Haacke had to initiate his appeal within 60 days of being served with the notice of entry of the order.  (Cal. Rules of Court, rule 8.104(a)(1).)  Here, the 60-day time to appeal began to run on April 5, 2022, the date Haacke was served notice of entry of order from which he appeals.  (Cal. Rules of Court, rule 8.104(a)(1)(B).)  Thus the 60-day period expired on Monday, June 6, 2022.

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.'  [Citation.]  In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations].'  [Citations.]  [¶]  'Except as provided in [California Rules of Court,] rule 8.66, no court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal.'  [Citation.]"  (*Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 293-294; see Cal. Rules of Court, rule 8.60(d).)

*C. Discovery Orders and Monetary Sanctions.*

Haacke seeks reversal of all discovery orders and the monetary sanctions of $8,900 against him.

"Generally, discovery orders are not appealable." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 647.) However, an order awarding monetary sanctions of more than $5,000 is appealable. (§ 904.1, subd. (a)(11); *Manlin v. Milner* (2022) 82 Cal.App.5th 1004, 1022.) Where a discovery order is accompanied by an award of monetary sanctions, our review is limited to the sanctions award; "we review the merits of related orders only to the extent necessary to resolve the challenge to the appealable monetary sanctions." (*Tedesco v. White* (2023) 96 Cal.App.5th 1090, 1097.) We review the sanctions award for abuse of discretion. (*Ibid.*)

Citing this court's decision in *Hanna v. Little League Baseball, Inc.* (2020) 53 Cal.App.5th 871, Haacke contends we should reverse all discovery orders (from hearings on March 10, August 3, October 5, and December 1, 2022) and the monetary sanctions of $8,900 because the trial court lacked authority to rule on any pending motions after Shea filed her motion to declare him a vexatious litigant and to require him to furnish security. As previously stated, we do not reach the merits of any issues (procedural or otherwise) concerning the vexatious litigant order because Haacke failed to file a timely appeal of the prefiling order. (§ 391.7.) Since his sole challenge to the discovery orders and monetary sanctions is based on the success of his appeal of the prefiling order, and we have no jurisdiction to consider that order, Haacke has failed to carry his burden on

10

appeal.  He does not deny that he failed to comply with the discovery requests, nor does he challenge the accuracy of the amount of sanctions awarded.  Accordingly, there is no abuse of discretion here.

### D.  Judgment on the Pleadings.

Lastly, Haacke contends this court should reverse the judgment on the grounds the motion for judgment on the pleadings was untimely (§ 438, subd. (e)), and Shea failed to comply with her duty to meet and confer (§ 439, subd. (a)(2)).

Section 438 sets forth requirements for a statutory motion for judgment on the pleadings.  Subdivision (e) of that section states that "[n]o motion [for judgment on the pleadings] may be made pursuant to this section if a pretrial conference order has been entered pursuant to Section 575, or within 30 days of the date the action is initially set for trial, whichever is later, *unless the court otherwise permits*."  (§ 438, subd. (e), italics added.)  This section "authorizes the trial court to permit late filings of such motions and does not specify any grounds which might serve to limit its power to do so."  (*Sutherland v. City of Fort Bragg* (2000) 86 Cal.App.4th 13, 25, fn. 4.)  "The statute does not impose a 'good cause' requirement."  (*Burnett v. Chimney Sweep* (2004) 123 Cal.App.4th 1057, 1063.)  Nor does it "require a moving party seek 'permission,' i.e., leave of court, before filing a motion."  (*Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1055.)

We independently review a judgment on the pleadings.  (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)  We review denial of leave

11

to amend after a judgment on the pleadings for abuse of discretion. (*Environmental Health Advocates, Inc. v. Sream Inc*. (2022) 83 Cal.App.5th 721, 729.)

Here, Haacke did not raise the issue of untimeliness in the trial court in connection with the motion for judgment on the pleadings and has therefore forfeited the argument on appeal. (See *Estate of Moore* (2015) 240 Cal.App.4th 1101, 1109.) Nonetheless, even if Haacke had preserved the argument on appeal, the statutory requirement he cites does not preclude Shea's motion. The trial court allowed Shea to proceed with her motion. Haacke cites no authority suggesting the court lacked discretion to consider the motion for judgment on the pleadings because it was untimely.

Moreover, in addition to a statutory motion under section 438, a party can make a common law motion for judgment on the pleadings when the statutory requirements are not met. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 7:277.) A nonstatutory motion for judgment on the pleadings may be made any time before or during trial. (*Stoops v. Abbassi* (2002) 100 Cal.App.4th 644, 650.) As Weil and Brown explain, nonstatutory motions for judgment on the pleadings allow the court "to decide there is no valid cause of action at any time. There is no point in forcing a case to go to trial because the motion . . . failed [section] 438 requirements." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 7:277.)

Here, we are unable to determine what authority Shea invoked to support her motion, as well as what efforts she made to meet and confer, because Haacke has failed to provide this court with an adequate record. (See *Aguilar v. Avis Rent A Car System,*

12

*Inc.* (1999) 21 Cal.4th 121, 132 [rejecting party's claim based on failure to provide an adequate record], overruled on other grounds as stated in *Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 631, fn. 6.)  "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record.  [Citations.]"  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; see *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 [We presume judgments are correct and it is the appellant's burden to prove error].)  Haacke has not met this burden because he has failed to provide all the pleadings, evidence, declarations, and arguments the trial court considered in rendering its decision on the motion for judgment on the pleadings.  In the absence of a complete record, de novo review is impossible.  Instead, we presume the judgment was correct.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                                            J.


We concur:

RAMIREZ
                    P. J.

MILLER
                    J.

13